# District Court of the United States
# for the District Of Colorado

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 JUN 19 PM 1:09

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Rickie Allen Wilson as Plaintiff and Next Friend )
    Of Plaintiff Parker James Wilson, )
Parker James Wilson )
        Plaintiffs )
)
v. )
)
Robin Six in her personal and private capacity, )
Robin Six in her professional capacity as )
    Manager of properties owned by the )
    Norma J. McComas Trust, )
Norma J. McComas Trust )
        Defendants )
)

Civil Case No. 17 - CV - 01481

---

## COMPLAINT and REQUEST FOR INJUNCTION

---

### Introduction

This action under the Americans with Disabilities Act, 42 U.S.C. § 3601 *et seq.*, and particularly, the Fair Housing Act 42 USC § 3604, seeks to correct unlawful policies and practices in rental of housing committed by the named Defendants. This action seeks equitable and injunctive relief for the named Plaintiffs.

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding pursuant to 28 USC § 1343.

2. Venue is proper before this court by virtue of, and in accordance with, 28 USC § 1391(b)(1).

### The Parties

Page 1 of 6

3. Plaintiff Rickie Allen Wilson is the legally obligated lessee of the property at issue and the biological father of Parker James Wilson.

4. Plaintiff Parker James Wilson is the primary aggrieved party and is legally handicapped. His handicap is defined as paraplegia and is a result of major injuries sustained in an automobile accident on October 31, 2010.

5. Defendant Norma J. McComas Trust is the legal owner of said property.

6. Robin Six is the appointed manager of said property for the benefit of the Norma J. McComas Trust.

**Factual Background**

7. The Defendants are/have attempted to discriminate against Plaintiffs in the rental of one housing unit located at 9770 South Hilldale Drive, Morrison, CO 80465.

8. This house is part of a cluster of four houses situated on the property known as "Tip Top Ranch" and is owned and operated as a business for profit by the Norma J. McComas Trust.

9. Defendants knew of Parker's disability at the time of the original leasing of the property (July 2014) as Defendant Robin Six accompanied Plaintiffs on a tour of the house to ascertain that Parker's wheelchair would fit through the doorways of the house.

10. Defendants are refusing to continue to rent said house to Defendants, at a reasonable rate, due to Defendants reticence to provide reasonable access to the property via a common, shared driveway during periods of snowfall.

11. Defendants have wrongly, consistently, and persistently made an assertion that they have no legal obligation to maintain access to said rental property during periods of snowfall.

12. Defendants have continually asserted that they would not maintain the common access

driveway unless there was more than 6" of snowfall accumulation.

13. Defendants have a legal obligation to the public in general, and to Plaintiffs in particular, to provide access to said property at all times for normal ingress and egress, and particularly for emergency and other services during periods of inclement weather.

14. Plaintiff's transportation consists of a handicapped lift equipped van that he uses to commute to and from school.

15. Plaintiff took reasonable steps to equip his vehicle with studded snow tires to help assure he could successfully negotiate the common access driveway as long as it was plowed so that only an inch or two of snow remained on the driveway.

16. Due to Defendant not plowing the driveway on several occasions this past school year, Plaintiff was unable to commute to school and his lack of attendance is reflected badly in his grades.

17. A direct result of this is a failing grade in Algebra and Plaintiff is being required to attend an "extended semester class" during June of this year to bring his grade up to a D. Even though this is technically a passing grade, it severely affects his overall grade point average and his college admission opportunities.

18. Plaintiffs' current rent on said property is $1800.00 per month.

19. Pursuant to comparable rental listings found on Craigslist, Zillow, and Trulia websites, the current market value rental rate for said house is approximately $1800.00 per month

20. Defendants have informed Plaintiffs that they intend to raise the rent on said property to approximately $3000.00 per month.

## Conclusion

Plaintiffs allege that Defendants are discriminating against the handicapped tenant, Parker James Wilson, by refusing to renew Plaintiffs lease solely due their unwillingness to keep clear access to the house during periods of inclement weather. Defendants have admitted to this allegation, by default, in an email exchange with Plaintiff Rickie Allen Wilson. Additionally, Defendants are attempting to exclude Plaintiffs from renewing their lease on said property by asking for monthly rents disproportionate to the property's actual value in the current rental market. This attempt to outrageously raise Plaintiffs rental rate is a thinly disguised attempt to discriminate against Plaintiffs by pricing Plaintiffs out of the ability to renew their lease due to the limited income of Plaintiffs. This disproportionate rental rate increase is Defendants attempt to price Plaintiffs out of the market for this property and therefore to theoretically relieve Defendants of their duty and obligation to maintain unobstructed access to the property pursuant to the Americans with Disabilities Act, specifically 42 USC § 3604(f)(3)(C)(i)(I) .

## Relief Sought

WHEREFORE; based upon the discriminatory acts by Defendants, against the Plaintiffs, Plaintiffs pray for judgment as follows, including but not limited to:

1. Plaintiffs hereby incorporate by reference each of the preceding points/items as if fully set forth herein;

2. For an order finding and declaring that Defendants' acts and practices as alleged herein violate the Fair Housing Act;

3. For an order finding and declaring that Defendants' acts and practices as alleged herein violate the Americans with Disabilities Act;

4. For a judgment awarding Plaintiffs punitive damages in the amount of **$20,000.00**, due to the reckless and callous indifference to the federally protected rights of Plaintiffs, comprised of costs associated with moving to a new house (first and last months' rent and a security deposit) and hiring a moving company, as Plaintiffs are unable to move their possessions due to their handicaps; costs associated with taking additional classes in an attempt to remedy the grade point average damage incurred.

5. For a judgment awarding Plaintiffs additional compensatory damages in the amount of **$60,000.00** for the emotional distress and embarrassment of having to move under these circumstances and the negative judgmental views of his peers due to his poor grade point average.

6. For an injunctive order barring Defendants from pursuing any eviction proceedings until 30 days after this suit is settled, including any and all appeals;

7. For an order that Plaintiffs are not required to pay any rents to Defendants during the course of settling this suit, including any and all appeals, as part of the damages awarded to Plaintiffs;

8. For such other and further relief as the Court may deem just and proper.

## **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

June 19, 2017

_____
Rickie Allen Wilson
9770 So. Hilldale Dr.
Morrison, Colorado 80465
(303) 898-0702

_____
Parker James Wilson
9770 So. Hilldale Dr.
Morrison, Colorado 80465
(720) 878-1773